UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-13-3006 - GW (AS) | Date | September 11, 2014 |
|---|---|---|---|
| Title | James Collins, Petitioner v. Ron Barnes, Respondent. | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge | |
|---|---|---|
| Alma Felix | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| N/A | | N/A |

**Proceedings:**     **(IN CHAMBERS)** ORDER TO SHOW CAUSE

On April 30, 2013, Petitioner James Collins ("Petitioner") filed a Petition for a Writ of Habeas Corpus by a Person in State Custody, pursuant to 28 U.S.C. § 2254 ("Petition") (Docket Entry No. 1). On September 16, 2013, Respondent filed an Answer to the Petition (Docket Entry No. 13).

On November 18, 2013, Petitioner filed a "Motion for Stay and Abeyance" of his federal petition so that he may exhaust an issue relating to inconsistent verdicts (Docket Entry No. 19). Petitioner asserted that contemporaneous convictions for shooting at an inhabited dwelling (under an aiding and abetting theory), and for accessory after the fact, are logically inconsistent and sought a stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005) (Id.). On January 24, 2014, the Court issued an Order explaining that a stay pursuant to Rhines is only available if the Petitioner demonstrates that "he had good cause for his failure to exhaust, ***his unexhausted claims are potentially meritorious***, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics" (Docket Entry No. 22). Rhines, 544 U.S. at 278 (emphasis added). The Court found that Petitioner had not met his burden to establish that his convictions were logically inconsistent, and thus had not demonstrated that the claim he sought to exhaust was potentially meritorious, as required by Rhines. The Court directed Petitioner to file a Supplemental Statement, setting forth the bases supporting his claim that his convictions are logically inconsistent, and thus that his request for a Rhines stay was made in order to exhaust a potentially meritorious claim. Rhines, 544 U.S. at 278.

On March 6, 2014, Petitioner filed his Supplemental Statement setting forth the bases for his contention that convictions for shooting at an inhabited dwelling and accessory after the fact are logically inconsistent (Docket Entry No. 25). On April 4, 2014, the Court denied Petitioner's Motion for a Stay, based on its finding that Petitioner had failed to satisfy his burden to show that his claim is potentially meritorious and was therefore not entitled to a stay pursuant to Rhines (Docket Entry No. 27). The Court ordered Petitioner to choose between three options: (1) voluntarily dismiss his action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a); (2) request a voluntary dismissal of his unexhausted claim and elect to proceed on only his exhausted claims; or (3) dismiss his unexhausted claim and file a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-13-3006 - GW (AS) | Date | September 11, 2014 |
|---|---|---|---|
| Title | James Collins, Petitioner v. Ron Barnes, Respondent. | | |

motion for a stay pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007). (Id.).

\* \* \*

On April 4, 2014, Petitioner submitted a copy of an order issued by the California Supreme Court denying a state habeas petition that Petitioner had filed on March 12, 2014 (Docket Entry No. 28). Accompanying the state habeas denial, was Petitioner's request that he Court allow him to amend his Petition to include the inconsistent verdicts claim because, according to Petitioner, that claim was now exhausted. (Id.). However, on April 24, 2014, Petitioner filed a Declaration in which he requested the Court to "dismiss [his] unexhausted claim" and allow him to proceed on his "exhausted claims" (Docket Entry No. 29). On May 5, 2014, the Court issued an Order directing Petitioner to clarify which of the two contradictory courses of action he wished to pursue, that is, whether he wished to amend his Petition to include the purportedly exhausted claim involving inconsistent verdicts, or whether he wished to proceed with the claims in his Petition and not pursue the claim involving inconsistent verdicts (Docket Entry No. 30). Petitioner was ordered to file a response selecting one of these two options no later than June 4, 2014. (Id.).

On May 27, 2014, the Court granted Petitioner's request for an extension of time to file his Response to the Court's May 5, 2014 Order and ordered Petitioner to file his Response no later than July 21, 2014 (Docket Entry No. 32).

On July 9, 2014, the Court granted Petitioner's second request for an extension to file his Response to the Court's May 5, 2014 Order and ordered Petitioner to file his Response no later than August 20, 2014 (Docket Entry No. 34). Petitioner was expressly warned that, "absent extraordinary circumstances, no further extensions will be granted." (Id.).

As of today, however, Petitioner has failed to respond to the Court's May 5, 2014 Order or otherwise indicate how he wishes to proceed with his Petition.

Accordingly, Petitioner is ORDERED TO SHOW CAUSE, within **fourteen (14) days** of the date of this Order, why the Court should not deny his Motion to Amend his Petition to include a purportedly exhausted claim involving inconsistent verdicts. Petitioner may discharge this Order by filing a Motion to Amend his Petition and an Amended Petition or by filing a declaration indicating that he wishes to proceed with the claims asserted in the Petition.

**If Plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of this**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-13-3006 - GW (AS) | Date | September 11, 2014 |
|---|---|---|---|
| Title | James Collins, Petitioner v. Ron Barnes, Respondent. | | |

**action pursuant to Federal Rule of Civil Procedure 41(a).  <u>A Notice of Dismissal form is attached for Plaintiff's convenience</u>.  Plaintiff is warned that a failure to timely file a response to this Order <u>will</u> result in the Court's denial of his Motion to Amend the Petition.**

|  | 0 | : | 0 |
|---|---|---|---|
|  | Initials of Preparer | | AF |